Honorable Robert E. Bell Criminal District Attorney 115 W. Main, Room 205 Edna, Texas 77957
Re: Application fees for solid waste disposal permits
Dear Mr. Bell:
You advise us that Jackson County has applied to the Texas Department of Health for a solid waste permit. The Department of Health has refused to process Jackson County's application until Jackson County pays the application fees set by the Department of Health. Under the rules in effect at the time Jackson County submitted its application, the required fees were $200 for Part A of the application and $12,000 for Part B of the application. See Tex. Dept. of Health, 10 Tex.Reg. 3286 (1985) (codified at 25 T.A.C. § 325.63) (fees effective from September 1, 1985, through December 30, 1985). You state that these fees seem to have no rational relation to the Department of Health's expenses in processing your application.
The legislature has granted the Department of Health authority over issuance of solid waste permits to certain entities. V.T.C.S. art. 4477-7. In setting a fee schedule for applications for solid waste permits, the Department of Health acted pursuant to a legislative delegation of rule-making power set out in article 4477-7, section 4(k)(l), V.T.C.S., which provides:
 The department shall charge a fee for the filing with the department and review by the department of a permit application under this section. A fee schedule shall be adopted by rule that shall be reasonably related to one or more of the following factors:
A. the population served;
B. the volume of waste to be handled;
C. the type and size of the facility; or
D. the cost of the review of the permit application.
The legislature also provided that application fees as well as annual permit fees should be set in an amount that would generate sufficient revenue to meet the expenses of administering section 4 of article 4477-7, which provides for the issuance and overseeing of solid waste permits.
The legislature has authority to delegate to an agency power to carry out a legislative purpose. State ex rel. Grimes County Taxpayers Association v. Texas Municipal Power Agency,565 S.W.2d 258, 273 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ). The legislature must establish reasonable standards to guide the entity, but such standards may be broad where conditions must be considered that cannot be conveniently investigated by the legislature. Id.
In this instance the legislature set out specific guidelines for the Department of Health to use in setting fees, and it directed that total fees collected should cover the department's expenses in the permit process. You do not question the propriety of the legislative delegation. Rather, you question whether the Department of Health complied with the requirements of article 4477-7, section 4(k)(1).
The fees that the Department of Health set pursuant to article 4477-7 purport to be based on the standards established by the legislature:
§ 325.63. Permit Application Fees.
(a) Types of applications.
 (1) New applications. With each application for a permit to construct or operate a municipal solid waste processing or disposal facility, the applicant shall submit a nonrefundable application fee to the department. The fee may be submitted in two parts, with the first part due with submission of Part A of the application and the second part due with submission of Part B or site development plan of the application. The fee shall be based on the tables under subparagraph (A) and subparagraph (B) of this paragraph which are graduated in a manner to consider one or more of the following factors: the population served; the volume of waste to be handled; the type and size of the facility; or the cost of the review of the permit application.
(a) Part A application fee schedule.
 Type of Facility Application Fee
I $ 200 II $ 100 III $ 50 IV $ 100 V $ 100 VI $ 100 VII $ 100 VIII N/A IX $ 100
(B) Part B site development plan application fee schedule.
TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE
We cannot say, as a matter of law, that these fees are unreasonable. Whether they actually bear a reasonable relationship to the cost of processing applications and issuing permits is a question of fact. We are not able to render opinions on questions of fact.
 SUMMARY
Whether the fees promulgated in 25 T.A.C., section 325.63 (effective September 1, 1985, through December 30, 1985) are proper is a fact question which cannot be reached in the opinion process.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General